### LEROY TURNER v. STATE OF FLORIDA

6 So. (2nd) 1                                    Division B
February 6, 1942

Bryan & Bryan, for appellant.

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, LeRoy Turner, was indicted by a grand jury of Pinellas County, Florida, for the murder of T. J. Jones, on April 20, 1940. The indictment charged murder in the second degree. He was tried, convicted, and sentenced to the State prison at hard labor for a period of twenty-five years, and has perfected his appeal therefrom to this Court.

It is here contended that the testimony adduced on the part of the State is legally insufficient to sustain the verdict and judgment. The appellant in his testimony admitted shooting the deceased in an effort to defend his own life. He stated that the deceased was the aggressor and with a knife cut him and he fired only to protect his own life. He exhibited to the jury a scar on one of his hands as the wound inflicted prior to firing the fatal shots. The appellant immediately fled the scene and was arrested at some point in New Jersey several months after the homicide and was returned to Pinellas County for trial. The shooting occurred at a negro beer parlor near St. Petersburg, and at the time a number of persons were present, but only the testimony of the appellant appears in the record to support his contention of self defense.

The appellant went to the beer parlor armed with a pistol. He drank five bottles of beer and some wine prior to the difficulty. The deceased appeared in the parlor, when a clash occurred between the parties. There was a veiled threat by the appellant directed to the deceased. The two parties repaired to the rear of the parlor, when the fight started and there was not an eye witness to the fight, but after the pistol shots were heard Jones was found mortally wounded.

The appellant was not arrested at the scene of the *locus in quo*.

It appears in the light of the entire record, we have squarely presented questions of fact for a jury under appropriate instructions. The verdict reached by a jury on the evidence is not shown to have been influenced by considerations *dehors* the record. The jury declined to accept the testimony of the appellant as to the deceased being the aggressor at the time of the difficulty. There is much testimony in the record to sustain the conclusion of the jury. It was shown that the appellant was armed with a deadly weapon; that he had consumed five bottles of beer and some wine, and in this condition he was quarrelsome and aggressive. If he had had sufficient testimony to sustain his contention of self defense, he would not have dodged the searching officer appearing at the time of the homicide, but would have stood his ground and asserted his defense of self defense without flight to New Jersey.

The burden of showing error was on appellant. He has failed to carry that burden. It becomes our duty to affirm the judgment of the lower court.

Affirmed.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.